UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DAVID A. BUCHE,                                    Case No. 15-CV-2059 (PJS/SER)

                    Plaintiff,

v.                                                                     ORDER

LIVENTA BIOSCIENCE, INC.,

                    Defendant.

Joseph M. Windler, WINTHROP & WEINSTINE, PA, for plaintiff.

Josh Jacobson, LAW OFFICE OF JOSH JACOBSON, P.A., for defendant.

Plaintiff David A. Buche filed this lawsuit against Liventa Bioscience, Inc.

("Liventa"), which formerly employed Buche as its chief operating officer.  Liventa is a

Delaware corporation whose principal place of business is in Pennsylvania.  Buche is a

citizen of Minnesota who lived and worked in Minnesota while he was employed by

Liventa.  This matter is before the Court on Liventa's motion to dismiss Count III of

Buche's complaint, which asserts a claim under the Pennsylvania Wage Payment and

Collection Law ("WPCL"), 43 Pa. Cons. Stat. Ann. § 260.1 et seq.

Liventa argues that only someone who works in Pennsylvania may bring a claim

under the WPCL.  Buche disagrees.  As best as the Court can tell, this issue has never

been addressed by the Pennsylvania Supreme Court, and thus this Court must attempt to predict "what that court would probably hold were it to decide the issue," taking into account "relevant state precedent, analogous decisions, considered dicta, scholarly works and any other reliable data." *Ventura v. Titan Sports, Inc.*, 65 F.3d 725, 729 (8th Cir. 1995).

This is a rather difficult prediction to make.  Not only has the Pennsylvania Supreme Court given no clue about how it would decide this issue, but neither of Pennsylvania's two intermediate appellate courts have said a word about the issue. Two Pennsylvania trial courts have addressed the issue, but their decisions conflict.  In *Broadwell v. Defense Solutions, Inc.*, No. 2009-08130-CA, 2011 WL 8584566 (Pa. Ct. Com. Pl. Chester Cnty. Apr. 21, 2011), the trial court dismissed a WPCL claim brought by a plaintiff who had worked in Thailand after finding that he "is not an employee in Pennsylvania for the purposes of the WPCL."  In so holding, *Broadwell* joined a long line of decisions that have agreed with *Killian v. McCulloch*, 873 F. Supp. 938, 942 (E.D. Pa. 1995), *aff'd* 82 F.3d 406 (3d Cir. 1996), that "the protections contained in the WPCL extend only to those employees based in Pennsylvania."  By contrast, in *Crites v. Hoogovens Tech. Servs., Inc.*, 43 Pa. D. & C.4th 449 (Pa. Ct. Com. Pl. Allegheny Cnty. Jan. 7, 2000), a Pennsylvania trial court explicitly rejected *Killian* and held that, under

2

some circumstances, someone who does not work in Pennsylvania can sue under the WPCL.

The judges of the United States District Court for the Eastern District of Pennsylvania have addressed this issue on many occasions, and on every one of those occasions—with one exception—they have agreed with *Killian* that the WPCL protects only employees who work in Pennsylvania. *See McGoldrick v. TruePosition, Inc.*, 623 F. Supp. 2d 619, 631-32 (E.D. Pa. 2009)[1]; *Tomlinson v. Checkpoint Sys., Inc.*, No. 06-2205, 2008 WL 219217, at *9-10 (E.D. Pa. Jan. 25, 2008); *Tucci v. CP Kelco ApS*, No. 02-1765, 2002 WL 31261054, at *2-3 (E.D. Pa. Oct. 10, 2002); *Bunnion v. Consol. Rail Corp.*, No. 97-4877, 1998 WL 372644, at *10 (E.D. Pa. May 14, 1998); *McHugh v. Ries*, No. 97-516, 1997 WL 381611, at *1 (E.D. Pa. July 2, 1997); *Eastland v. DuPont*, No. 96-2312, 1996 WL 421940, at *5 (E.D. Pa. July 23, 1996); *Hides v. CertainTeed Corp.*, No. 94-7352, 1995 WL 458786, at *2 (E.D. Pa. July 26, 1995).  The exception is *Synesiou v. DesignToMarket, Inc.*, No. 01-5358, 2002 WL 501494, at *2-3 (E.D. Pa. Apr. 3, 2002), which found *Crites* persuasive.[2]

---

[1]*McGoldrick* suggested—but did not decide—that a WPCL claim could be brought by an out-of-state employee if that employee was a party to an employment contract with Pennsylvania choice-of-law and forum-selection clauses.  *McGoldrick*, 623 F. Supp. 2d at 628-29.

[2]*Crites* was also followed by *Mattern & Assocs., LLC v. Seidel*, No. 06-36-SLR, 2008 WL 4622421, at *1 (D. Del. Oct. 17, 2008).

Neither the (long) *Killian* line of cases nor the (short) *Crites* line of cases is supported by terribly satisfying reasoning—not because of any shortcomings on the part of the judges, but because the judges had so little to work with.  Nothing in the language of the WPCL seems helpful, no relevant legislative history appears to exist, public-policy concerns do not clearly favor any particular approach, and, as noted, the appellate courts of Pennsylvania have been silent.  Recognizing that the issue is difficult, this Court nevertheless agrees with the substantial weight of authority that only someone who works in Pennsylvania can bring a claim under the WPCL.

The WPCL defines "employer" to include "every person, firm, partnership, association, [or] corporation . . . employing any person in this Commonwealth."  43 Pa. Cons. Stat. Ann. § 260.2a.  This is an extremely broad definition; under it, any person or entity that employs even a single person in Pennsylvania is defined as an "employer." What has created the split in authority is not, however, the definition of "employer," but rather the definition of "employee"—or, more precisely, the fact that the WPCL does not *contain* a definition of "employee."  So while the WPCL defines the "employer" who can be sued, it does not define the "employee" who can bring suit.

No court has held that the WPCL should be read literally.  In other words, no court has held that each and every employee of each and every person or entity defined as an "employer" under the WPCL should be able to sue that employer under the

statute.  As multiple courts have recognized, such a holding would create absurd

results.  *See Killian*, 873 F. Supp. at 942 ("A literal reading of the statute would, for

example, allow an Arizona-based employee to bring a WPCL claim against his

Oregon-based employer as long as that company also employed one person based in

Pennsylvania.").  Suppose, for example, that a California company employs 10,000

people—9,999 people at its headquarters in San Diego, and a single East Coast sales

representative who works out of his home in Philadelphia.  Suppose further that one of

the company's employees—say, a janitor at the company's headquarters—accuses the

company of not paying the wages that he is owed.  All courts agree that it would be

absurd if this California resident could sue his California employer in connection with a

California wage dispute under a *Pennsylvania* wage-protection law—merely because the

company employs a single sales representative in Pennsylvania.  This result is so absurd

that even *Crites* admitted that it was absurd, and that the WPCL should not be

construed to permit it.  *Crites*, 43 Pa. D. & C.4th at 453.

Recognizing that the WPCL cannot be read literally to allow every employee of

every person or entity that is defined as an "employer" to bring suit, all of the courts

confronting the issue have agreed that some kind of limitation on "employee" must be

read into the statute.  *Killian* and its progeny have adopted a straightforward and

sensible limitation:  Those who work in Pennsylvania can sue under the Pennsylvania

statute, but those who do not work in Pennsylvania cannot.  *See Killian*, 873 F. Supp.

at 942 ("[W]e hold that the protections contained in the WPCL extend only to those

employees based in Pennsylvania.").  The reasoning behind this limitation is similarly

straightforward:  The primary purpose of the WPCL is to protect workers, and the

primary concern of the Pennsylvania legislature is to protect those who work in

Pennsylvania.  *Id.* ("[T]he WPCL's purpose is to offer protection to workers to whom

wages are owed.").

*Crites* disagreed with the reasoning of *Killian* and rejected its holding.  Three

major concerns seem to have motivated the *Crites* court's rejection of *Killian*:

First, *Crites* found that the purpose of the WPCL was not merely the protection of

workers, but "the punishment of recalcitrant employers."  *Crites*, 43 Pa. D. & C.4th

at 455.  By "employers," *Crites* clearly did not mean everyone who is *defined* as an

"employer" under the WPCL; as noted, *Crites* agreed that allowing every such

"employer" to be sued by every one of its out-of-state employees would produce

absurd results.  *Id.* at 453.  Rather, *Crites* had in mind what it referred to as "a

Pennsylvania employer" (*id.* at 454 n.4, 457, 458), "a Pennsylvania corporation" (*id.*

at 458), or "a Pennsylvania-based employer" (*id.* at 458 n.6).

Second, *Crites* opined that it would be unreasonable to allow the employees of a

"Pennsylvania employer" who worked in Pennsylvania to sue under the WPCL, but not

allow the out-of-state employees of the same "Pennsylvania employer" to sue.  *See id.*

at 457-58.  *Crites* posited a scenario under which "a Pennsylvania employer" employed

both Pennsylvania residents and New Jersey residents, some in its principal offices in

Philadelphia, and some "just across the Ben Franklin Bridge in Camden, New Jersey."

*Id.* at 457.  Under the *Killian* rule, the employees working in Philadelphia could sue

under the WPCL (whether they lived in Pennsylvania or New Jersey), while those

working in Camden could not sue under the WPCL (again, whether they lived in

Pennsylvania or New Jersey).  *Crites* opined that this result would be "absurd."  *Id.*

at 458.

Finally, *Crites* expressed great concern that, under the *Killian* rule, a clever

employer could prevent all of its employees from being covered by the wage-protection

laws of *any* state.  *See id.* at 456, 458.  Suppose, for example, that an employer

headquartered in Pennsylvania inserted into the contracts of its out-of-state employees

a choice-of-law provision that required application of Pennsylvania law to any

employment disputes.  Such employees would not be protected under the laws of their

home states, as the choice-of-law provision would require application of Pennsylvania

law.  And such employees would also not be protected under the WPCL (under the

*Killian* rule), as they would not work in Pennsylvania.[3]  In the words of *Crites*, such

employees would be "effectively out of court."  *Id.* at 456.

Reflecting these concerns, *Crites* rejected the line drawn by *Killian*—that is,

*Killian*'s holding that those who work in Pennsylvania can sue under the WPCL, but

those who do not work in Pennsylvania cannot.  Instead, *Crites* held that "where . . . an

employment agreement requires the use of Pennsylvania law and makes Pennsylvania

the exclusive forum for employer-employee disputes, an employee of a Pennsylvania

corporation who neither lives nor works in Pennsylvania may, nevertheless, sue that

corporation in Pennsylvania pursuant to the WPCL."  *Id.* at 458.  *Crites* continued:

"[W]e believe also that, regardless of where in the world a Pennsylvania resident

happens to work, he or she should always be able to bring an action in Pennsylvania

against a Pennsylvania-based employer pursuant to the WPCL."  *Id.* at 458 n.6.

Although the *Crites* opinion is well written and thought provoking, this Court

does not believe that the Pennsylvania Supreme Court is likely to adopt its holding,

both because of problems with that holding and because of questionable policy views

underlying that holding.

─────────────────

[3]*Crites* also complained about the ability of Pennsylvania employers to insert *forum-selection* clauses into employment contracts.  *Id.* at 456-58.  *Crites*'s discussion of forum-selection clauses is puzzling, however.  The evil feared by *Crites*—that is, stripping out-of-state workers of the benefits of any state's wage-protection laws—would be accomplished by a choice-of-law clause, whether or not an employment contract also included a forum-selection clause.

First, *Crites* agreed that an out-of-state employee should not be able to bring a WPCL claim against his employer merely because the employer had at least one employee in Pennsylvania.  *Id.* at 453.  But, said *Crites*, an out-of-state employee *should* be able to bring a WPCL claim against "a Pennsylvania employer" (*id.* at 454 n.4, 457, 458), "a Pennsylvania corporation" (*id.* at 458), or "a Pennsylvania-based employer" (*id.* at 458 n.6).  *Crites* does not explain what, in its view, makes a company a "Pennsylvania employer."  Is it sufficient that the company is incorporated under Pennsylvania law?  Even if the company has no employees in Pennsylvania?  Is it sufficient that the company's headquarters are in Pennsylvania?  Even if only a handful of employees work at the headquarters, while thousands work in other states?  Does the determination of whether a company is "a Pennsylvania employer" turn on the total number of employees working in Pennsylvania?  Or on the percentage of the company's overall workforce that is working in Pennsylvania?

*Crites* gives no clue about how a court is supposed to distinguish a "Pennsylvania employer" from a "non-Pennsylvania employer," even though the distinction is crucial to applying its holding.  More importantly, though, *Crites* ignores the fact that the WPCL *defines* "employer"—and the WPCL defines "employer" to include every person or entity that employs even a single person in Pennsylvania.  It is one thing to read limitations into a statute where the statute is silent, as *Killian* does.  It

9

is another thing to read a limitation into a statute that contradicts the very text of the statute, as *Crites* does.

Another problem with *Crites* is that its holding is based on policy views that seem debatable and that may not be shared by the Pennsylvania General Assembly.  For example, *Crites* thought *Killian* was absurd in holding that an employee of a "Pennsylvania employer" who worked in Pennsylvania could sue under the WPCL, but an employee of that same employer who worked outside of Pennsylvania could not.  *Id.* at 457-58.  There is, however, nothing absurd about a state legislature limiting the reach of a law to conduct that occurs within the state; indeed, such limitations are the rule rather than the exception.  It is entirely plausible that the Pennsylvania General Assembly intended that the WPCL protect wages paid to people working in Pennsylvania, but not wages paid to people working in, say, California or Hong Kong.

Similarly, the *Crites* court seemed to regard as unthinkable the notion that an employer could use a choice-of-law clause in an employment contract to prevent an out-of-state employee from enjoying the benefits of the wage-protection laws of any state.  *Id.* at 456-57.  Every day, however, people enter into contracts in which they give up some of their rights.  *Crites* does not explain why rights under a wage-protection law should be unwaivable, when Americans have the freedom to waive countless other rights that would seem equally or more important.  Moreover, *Crites* exaggerates in complaining that an out-of-state employee subject to a Pennsylvania choice-of-law

clause would be "effectively out of court." *Id.* at 456.  Such an employee could bring a breach-of-contract action against the employer (either in Pennsylvania or elsewhere) and recover every penny that he is owed.  That employee would be deprived only of any additional remedies that might apply under a particular state's wage-protection law.

For these reasons, this Court believes that the Pennsylvania Supreme Court is more likely to follow *Killian* than *Crites*.  Therefore, this Court holds that only someone who works in Pennsylvania may sue under the WPCL.  Because Buche did not work in Pennsylvania, he may not sue under the WPCL, and Count III of his complaint is dismissed.

One additional matter needs to be addressed.  Buche seems to argue that, even if he is not an "employee" who is permitted to bring a claim under the WPCL, he should nevertheless be able to bring a claim under the WPCL because his contract with Liventa contains a choice-of-law clause providing that "[t]his Agreement shall be governed and construed in accordance with the laws of the Commonwealth of Pennsylvania . . . ." Complaint ¶ 46 [ECF No. 1 at 9]; Brief for Plaintiff at 7 [ECF No. 12].  This Court rejected the identical argument in *North Coast Technical Sales, Inc. v. Pentair Technical Products, Inc.*, No. 12-CV-1272, 2013 WL 785941, at *2-3 (D. Minn. Mar. 4, 2013).  As this Court explained:

>This view . . . reads too much into a generic choice-of-law clause.  The choice-of-law clause in the Pentair-North Coast contract dictates that this Court must apply the laws of the State of Minnesota—that is, that this Court must apply the statutes enacted by the Minnesota Legislature and the opinions issued by the Minnesota Supreme Court *as they are written*.  But the choice-of-law clause does not *change* those statutes and judicial decisions.  If, for example, the MTSRA provided that it protected only sales representatives who sold automobiles or who employed fewer than 15 people —and if North Coast did not sell automobiles or did not employ fewer than 15 people—then North Coast would not be protected under the MTSRA, even though its contract with Pentair includes a Minnesota choice-of-law clause.  Again, the choice-of-law clause *applies* Minnesota law; it does not *change* Minnesota law.

*Id.* at *2.

Similarly, in this case, this Court must apply Pennsylvania law because of the choice-of-law clause in the employment contract between Buche and Liventa.  But the Court must apply Pennsylvania law according to its own terms.  The WPCL does not provide a cause of action to employees who work outside of Pennsylvania, and thus, even if this dispute is governed by Pennsylvania law, Buche cannot recover under the WPCL.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion of defendant Liventa Bioscience, Inc. to

dismiss Count III of the complaint [ECF No. 4] is GRANTED, and Count III of the

complaint is DISMISSED WITH PREJUDICE AND ON THE MERITS.

Dated: June 26, 2015                                    s/Patrick J. Schiltz
                                                        Patrick J. Schiltz
                                                        United States District Judge